DECISION AND JUDGMENT
{¶ 1} This is an appeal from a judgment of the Huron County Court of Common Pleas that found appellant guilty of two counts of kidnapping, one count of aggravated burglary and one count of robbery after trial to a jury. For the reasons that follow, the judgment of the trial court is affirmed. *Page 2 
 {¶ 2} The record reflects that on the night of March 18, 2007, intruders identifying themselves as police officers kicked in the front door of the home of Brandon Taft and April Spain in rural Huron County. Both Taft and Spain were bound with duct tape, blindfolded and beaten. After searching the home and finding some money and jewelry, the intruders left. Spain eventually cut herself and Taft free and called the police.
 {¶ 3} Appellant sets forth the following assignments of error:
 {¶ 4} "Assignment of Error No. I
 {¶ 5} "The trial court erred in not discharging the appellant for a violation of his statutory right to a speedy trial pursuant to Ohio Revised Code Section 2945.71.
 {¶ 6} "Assignment of Error No. II
 {¶ 7} "Appellant's convictions are against the manifest weight of the evidence."
 {¶ 8} In his first assignment of error, appellant argues that the state violated his statutory and constitutional right to a speedy trial by failing to bring him to trial within 90 days of taking him into custody for the kidnappings, burglary and robbery.
 {¶ 9} The record reflects that police attempted to locate appellant for questioning several days after the crime. The police also learned at that time that a warrant had been issued for appellant because he had recently escaped from a transitional control program in which he had been placed after serving prison time for a robbery conviction. On March 23, 2007, undercover police went to the home of Jamie Schaffer, who police believed had information on the home invasion. While the officers were talking to *Page 3 
Schaffer in his driveway, appellant pulled in behind the unmarked police vehicle. Schaffer walked over to appellant and told him he was talking to the police, who were looking for appellant in connection with the home invasion. Appellant immediately drove away. However, after a brief high-speed pursuit, he was apprehended. Because appellant had fled from the police, he was held in jail on a charge of failure to obey the lawful order of a police officer and on the post release control violation until April 25, 2007. The record reflects that appellant was returned to prison from April 25 to May 30, 2007, to finish the remainder of his robbery sentence. On May 30, 2007, he was taken back to the Huron County jail and held on the failure to comply charge, which was filed under a different case number than the kidnapping, burglary and robbery charges.
 {¶ 10} Appellant was indicted on the charges related to the home invasion on June 22, 2007. Unable to make bail, he remained in jail. On August 10, 2007, appellant filed a motion to dismiss in which he argued that the state violated his statutory and constitutional right to a speedy trial by failing to bring him to trial within 90 days of taking him into custody for the kidnappings and robbery. At the hearing on the motion to dismiss, the trial court requested evidence as to when appellant was first taken into custody on the instant case and as to whether he was held during that time on any other charges. Defense counsel submitted a copy of the Huron County Sheriffs Office booking form which indicated appellant was booked May 30, 2007, on one charge of failure to comply with the order or signal of a police officer as well as the kidnapping, burglary, robbery and assault charges associated with the home invasion. The trial court denied *Page 4 
appellant's motion to dismiss, finding that he had been held on two charges related to two different cases, thereby giving the state 270 days to bring him to trial.
 {¶ 11} Appellant asserts on appeal that he established at the motion hearing that he was incarcerated solely on the pending charge, which required the state to bring him to trial within 90 days. Appellant also states that the record is unclear as to whether he was held on any additional charges. However, appellant's own exhibit — the booking form-indicates that he was in fact held on the failure to comply charge as well as on the charges related to the home invasion.
 {¶ 12} We further note that under Ohio law, a person who has been charged with a felony must ordinarily be brought to trial within 270 days of his or her arrest. R.C. 2945.71(C)(2). In computing the amount of time that has elapsed for speedy trial purposes, "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.71(E). (Emphasis added.)
 {¶ 13} In the case before us, appellant was not indicted on the kidnapping, robbery and burglary charges until June 22, 2007. Prior to that date, he was being held on the failure to comply charge. The provision of R.C. 2945.71(E) requiring that each day he was held in custody in lieu of bail be counted as three could not have been triggered until at least June 22, 2007, the date of his indictment. Bond was not set until June 26, 2007. Accordingly, if the "three for one" provision of R.C. 2945.71(E) is applied, fewer than 90 days passed before appellant's trial on September 1, 2007. Appellant's first assignment of error is not well-taken. *Page 5 
 {¶ 14} In his second assignment of error, appellant asserts that his convictions are against the manifest weight of the evidence. Appellant's argument in support of this claimed error is presented in general terms and does not specifically address the three offenses — kidnapping, aggravated burglary and robbery — or the evidence presented at trial as it related to each of the crimes. Appellant argues that there is no direct evidence that he was present at the crime scene and that the victims were unable to identify him as one of the assailants because the intruders wore ski masks and then blindfolded them.
 {¶ 15} In determining whether a verdict is against the manifest weight of the evidence, the appellate court sits as a "thirteenth juror" and, after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Thompkins (1997), 78 Ohio St.3d 380, 1997-Ohio-52, at 387, citingState v. Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 16} The state presented the testimony of both victims as well as that of numerous other witnesses. Brandon Taft and April Spain both testified that the intruders, who were wearing "police shirts" and ski masks, kicked the door open while yelling "Police — freeze." The intruders hit Taft with their fists and a hammer, "stomped" his head, blindfolded him and bound his legs and wrists with duct tape. They demanded money and drugs while beating him. Eventually, Taft gave his assailants the combination to a safe where he kept documents and jewelry. The intruders then pulled Spain out of *Page 6 
bed, restrained her with duct tape and covered her head with a coat. Spain was beaten while the intruders demanded money from her. Jewelry, money, car keys and some other household items were taken from the victims.
 {¶ 17} Appellant essentially argues that his convictions should be reversed because the two victims were unable to identify him as one of the intruders. The record supports appellant's assertion as to the lack of identification by the victims. However, the jury heard testimony implicating appellant from several other witnesses. Darrin Randleman testified that appellant came to his house one evening in mid-March 2007, and showed him two shirts, one which said "police" and another which said "sheriff." Randleman did not ask appellant why he had the shirts. Darrin's nephew Jemichael testified that in March 2007, appellant asked him if he wanted to "do a lick." Jemichael explained that doing a lick means "getting in trouble or doing a crime." Appellant did not specify what he wanted Jemichael to do but told him "there is going to be money." Jemichael testified that he told appellant he was not interested. Jemichael saw appellant pull a shirt out of a plastic bag and testified that the shirt "had a sheriffs thing across the top."
 {¶ 18} Appellant's friend Timothy Tucker testified that in early spring 2007, appellant mentioned "doing a lick." Appellant told Tucker "he needed to hit one" because he needed money.
 {¶ 19} Jamie Schaffer testified that in February 2007, appellant "made mention of doing a lick and talked about several different places he would like to rob. In the course *Page 7 
of that conversation, appellant mentioned victim Brandon Taft's name. Schaffer further testified that on one occasion when he and appellant were driving in the area appellant pointed out a house and asked him if that was where Taft lived. Schaffer was unsure but did point out Taft's car in the driveway.
 {¶ 20} April Spain identified photographs of the purse, watch and bracelet that were stolen from her the night of the home invasion. Spain was uncertain as to whether an ankle bracelet in the photograph was one she had owned. Alisha Woods then identified the watch and ankle bracelet in the photograph as having been given to her by appellant in March 2007; she identified the purse as having been given to her by appellant's brother at that same time. Alisha's sister Kursty Bell identified the gold bracelet depicted in the photograph as having been given to her by appellant. Michael Brown testified that he met appellant at a party on March 17, 2007. During the course of the party, appellant asked to borrow Brown's car to take a friend home, saying he would bring it right back. Brown agreed, but his car was not returned until March 19. When the car was returned, Brown noted that several hundred miles had been put on it.
 {¶ 21} Appellant was found guilty of two counts of kidnapping in violation of R.C. 2905.01(A)(2) and (3), which state:
 {¶ 22} "(A) No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes: *Page 8 
 {¶ 23} "* * *
 {¶ 24} "(2) To facilitate the commission of any felony or flight thereafter;
 {¶ 25} "(3) To terrorize, or to inflict serious physical harm on the victim or another * * *."
 {¶ 26} Further, appellant was found guilty of one count of aggravated burglary in violation of R.C. 2811.11(A)(1) and (2), which state:
 {¶ 27} "(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:
 {¶ 28} "(1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it;
 {¶ 29} "(2) Have a dangerous ordnance on or about the offender's person or under the offender's control; * * *."
 {¶ 30} Finally, appellant was found guilty of robbery in violation of R.C. 2911.02(A)(2) as follows:
 {¶ 31} "(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
 {¶ 32} "(1) Have a deadly weapon on or about the offender's person or under the offender's control; *Page 9 
 {¶ 33} "(2) Inflict, attempt to inflict, or threaten to inflict physical harm on another; * * *."
 {¶ 34} This court has thoroughly reviewed the entire record of proceedings in the trial court. Upon consideration of the evidence as summarized above, we are unable to find that the jury clearly lost its way and created such a manifest miscarriage of justice that appellant's convictions must be reversed. Accordingly, we find that appellant's convictions were not against the manifest weight of the evidence and his second assignment of error is not well-taken.
 {¶ 35} On consideration whereof, this court finds that appellant was not prejudiced or denied a fair trial. The judgment of the Huron County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Huron County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Arlene Singer, J. and Thomas J. Osowik, J., concur. *Page 1